IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

JUL 25 2008

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA
BY W.H.         DEPUTY

| | |
|---|---|
| JERRY L. THOMAS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. CIV-07-599-W |
| DAVID PARKER et al., | ) ) ) |
| Defendants. | ) |

## ORDER

On May 27, 2008, United States Magistrate Judge Valerie K. Couch issued a Report and Recommendation in this matter and recommended that the Court take certain actions in connection with the complaint filed and amended by plaintiff Jerry L. Thomas and with the defendants' challenges to the claims in that document. The parties were advised of their right to object to the Report and Recommendation, and the matter now comes before the Court on Thomas' Objections, as supplemented, and the defendants' response thereto.

Thomas is incarcerated at the James Crabtree Correctional Center in Helena, Oklahoma. In his complaint file-stamped May 25, 2007, Thomas has alleged inter alia that the defendants in various ways have substantially burdened his ability to practice his Muslim faith. Thomas has further alleged that the defendants have retaliated and conspired against him and have denied him access to the courts. As relief, Thomas has sought monetary damages and temporary and permanent injunctive relief, including transfer to another correctional facility.

Upon de novo review of the record, the Court concurs with Magistrate Judge Couch's suggested disposition of Thomas' claims for relief and accordingly, ORDERS as follows:

(1) Magistrate Judge Couch's well-reasoned and very thorough Report and Recommendation issued on May 27, 2008, should be and is hereby ADOPTED.

(2) The Motion to Dismiss or in the Alternative, Motion for Summary Judgment [Doc. 36] filed on November 8, 2007, by defendants Debbie Morton, Justin Jones, Ron Anderson, Richard Kirby, Leo Brown, Brandy Page, Jo Gwinn, Jay Drawbridge, Doug Byrd, Amy Madison, Betsy Hormel, David Parker, Becky Guffy, Rodney Redman, Shannon Reed and Jim Reed[1] is GRANTED as to Counts I, III, IV, V, VII, VIII, IX, X, XI, XIII, XIV, XV, XVI, XVII, XIX and XX. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), imposes a mandatory exhaustion requirement on inmates who challenge prison conditions. To exhaust his administrative remedies, a prisoner must properly comply with prison grievance procedures. E.g., Woodford v. Ngo, 548 U.S. 81 (2006)(prisoners must complete prison's administrative review process in accordance with applicable procedural rules).

Failure to exhaust is an affirmative defense, e.g., Jones v. Bock, 127 S.Ct. 910, 921 (2007), and the burden is on the defendants to prove Thomas' failure to exhaust. In reviewing the record that clearly reveals no disputed factual issues with regard to Thomas' failure to properly comply with the grievance procedures implemented by the Oklahoma

---

[1]These sixteen defendants are employed by the Oklahoma Department of Corrections ("DOC") or are DOC employees working at James Crabtree Correctional Center. Katrina Frech, Ms. Chester, Dennis Cotner and Mr. Brado were also originally named as defendants. They were dropped as parties by Thomas. See Motion to Dismiss Four Defendants From this Lawsuit [Doc. 10] (file-stamped July 11, 2007); Order [Doc. 12] (July 16, 2007).

Department of Corrections, the Court finds pursuant to section 1997e(a) that the defendants are entitled to summary judgment as requested.[2]

(3) The defendants' Motion to Dismiss is GRANTED sua sponte as to Counts XII and XVIII for failure to state a claim upon which relief may be granted. E.g., 28 U.S.C. § 1915(e)(2)(B)(ii); id. § 1915A(b)(1); 42 U.S.C. § 1997e(c)(2).[3]

---

[2]To the extent the Court has construed the defendants' Motion to Dismiss as a Motion for Summary Judgment governed by Rule 56, F.R.Civ.P., the Court must decide whether "there is no genuine issue as to any material fact and . . . [whether the defendants are] entitled to a judgment as a matter of law." Rule 56(c), F.R.Civ.P. The Court at this stage of the litigation does not evaluate the credibility of the witnesses, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), or "weigh the evidence and determine the truth of the matter . . . ." Id. at 249. Rather, the Court must decide "whether there is a genuine issue for trial . . . [and] there is no [triable] issue . . . unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted). The Court's inquiry must be whether the evidence, when viewed "through the prism of the substantive evidentiary burden," id. at 254, "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

Applying these standards to test an affirmative defense which would entitle a defendant to summary judgment, the defendant "must demonstrate that no disputed material facts exist regarding the affirmative defense asserted. If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact. If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law." Hutchinson v. Pfeil, 105 F.3d 562, 564 (10th Cir. 1997)(citations omitted).

[3]In resolving the instant Motion to Dismiss under Rule 12(b)(6), F.R.Civ.P., the Court must construe Thomas' pro se complaint liberally and must determine "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(quoting Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 1974 (2007)). In doing so, the Court must "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." Id. (citation omitted). To withstand the defendants' challenge, "the complaint must give the [C]ourt reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Id. (emphasis deleted).

Accordingly, under Rule 12(b)(6), Thomas to survive at this stage of the litigation must "frame a 'complaint with enough factual matter (taken as true) to suggest' that he . . . is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Twombly, 127 S.Ct. at 1965).

3

(4) The defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment is also GRANTED as to Counts III, IV, V, VII, VIII and IX. Thomas has attempted in those counts to allege that he has been deprived of certain rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq., and/or has been deprived of his rights under the free exercise clause to the first amendment to the United States Constitution in violation of title 42, section 1983 of the United States Code. To survive the defendants' request for dismissal of these particular counts, Thomas must "frame . . . [his] 'complaint with enough factual matter (taken as true) to suggest' that he . . . is entitled to relief." Robbins, 519 F.3d at 1247 (quoting Twombly, 127 S.Ct. at 1965). Because Thomas has advanced at most wholly conclusory allegations regarding the substantial burden placed on his ability to practice his religious beliefs, the Court finds the defendants are entitled to dismissal of these six counts.

(5) In light of the Court's findings that dismissal or summary judgment is warranted as to all counts in Thomas' complaint, the Court deems it unnecessary to consider the issue of personal participation also raised by the defendants in connection with Thomas' section 1983 claims. Accordingly, Thomas' Motion for Leave to File an Amended Complaint [Doc. 40] (file-stamped December 12, 2007), wherein he has sought leave to cure the alleged deficiencies in his complaint regarding the sufficiency of his allegations of personal participation is DENIED.

(6) The claims for monetary relief Thomas has asserted under section 1983 against the defendants in their official capacities are DISMISSED. The eleventh amendment to the United States Constitution precludes actions brought against state officers where the

action is essentially one for the recovery of money from the state treasury. E.g., Edelman v. Jordan, 415 U.S. 651 (1974).

(7) Thomas' Notice of Voluntary Dismissal [Doc. 27] (file-stamped August 1, 2007) is hereby construed as an amendment to his complaint, and pursuant to the same, the Court finds that Thomas through amendment has removed Counts II and VI from this complaint.

(8) The "Motion for the Court to Untie Plaintiff's Arms So That He May Conduct Discovery" [Doc. 54] (file-stamped March 11, 2008), is DENIED since Thomas has failed to identify with any specificity the particular discovery that is allegedly necessary so that he may respond to the defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment.

(9) Having found that Thomas has advanced no claims that warrant the requested relief, the Court finds that judgment in accordance with this Order should issue forthwith.

ENTERED this 25th day of July, 2008.

LEE R. WEST
UNITED STATES DISTRICT JUDGE